UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MINA HAFZALLA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CURTIZ CZARNOMSKI, GIRGIS HAFZALLA, ROBERT TRENT and KENT TRENT,<br><br>　　　　　　Defendant. | CASE NO. 2:23-cv-47<br><br>ORDER DISMISSING CASE WITHOUT PREJUDICE |

On January 6, 2023, Plaintiff Mina Hafzalla filed this action in federal court based on alleged diversity jurisdiction and federal question jurisdiction. (Dkt. No. 1.) Since that time, Hafzalla has filed (1) a Motion to Seal (Dkt. No. 6); (2) a Motion to Issue Subpoenas (Dkt. No. 7); (3) a Motion for Search Warrants (Dkt. No. 9); (4) a second Motion to Seal (Dkt. No. 11); and a (5) Motion to Compel (Dkt. No. 12). Counsel for Defendants has yet to appear in the matter. Since Hafzalla's initial Complaint, she has twice filed Amendments to the Civil Coversheet (see Dkt. Nos. 8, 10). Hafzalla has dropped the alleged diversity jurisdiction, which

is proper given that several Defendants are citizens of Washington, as is she, and now relies solely on federal question jurisdiction. After reviewing the Complaint, it is clear that that the Court lacks subject matter jurisdiction under federal question. Consequently, this action is DISMISSED without prejudice.

## BACKGROUND

Hafzalla's Complaint is six-hundred and sixty two (662) pages and alleges national security threats. She brings this case against Curtis Czarnomski, her former manager, her prior employers Robert Trent and Ken Trent, and Girgis Hafzalla, a relative. (Civil Cover Sheet at 6-7, 22-23 (Dkt. No. 1-2).) Hafzalla alleges that "the criminals," presumably Defendants though it is unclear, abuse Government and company resources to subliminally alter the mental state of individuals and control the individuals. (Id. at 12.) The majority of the Complaint discusses Hafzalla's alleged experiences with this. Hafzalla alleges that "the criminals" are behind George Floyd and Black Lives Matter, Kobe Bryant's helicopter crash, Cambridge Analytica's data harvesting, and the increase of the homeless population, among others. (Id. at 20-21.) Hafzalla alleges these actions amount to a national security threat and alleges a violation of 50 U.S.C. § 1701.

## ANALYSIS

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal courts have jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a). A court may dismiss an action sua sponte for lack of jurisdiction. Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1342

1 (9th Cir. 1981). "[I]f the court lacks subject matter jurisdiction, it is not required to issue a summons or follow the other procedural requirements." Id.

"[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678 (1946). The Supreme Court has previously explained that federal courts are without power to entertain claims otherwise within their jurisdiction if they are "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly unsubstantial," or "no longer open to discussion." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974). In making such a determination, district courts should utilize the same test as that for dismissal for failure to state a claim. See Franklin, 662 F.2d at 1342-43. "A complaint should not be dismissed . . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id. at 1343. (internal quotation and citation omitted).

Here, Hafzalla brings her claim(s) under the International Economic Powers Act, 50 U.S.C. § 1701, which grants authority to the President to exercise certain powers granted to him under Section 1702 of the Act in order to address unusual and extraordinary threats. The events alleged in the Complaint do not involve any actions by the President that would implicate Section 1701. Not only is there no avenue for relief for the alleged actions under this section, but the acts themselves are too attenuated and unsubstantial to be plausible. Most of the acts in the Complaint involve, among other things, social media posts, automated voice calls, and bumper stickers that Hafzalla claims include targeted messages sent from criminals to her. The allegations do not deal with direct interactions between Hafzalla and Defendants. After reading

through over six hundred pages of the Complaint, the Court found no jurisdictional basis to review the allegations. The Court therefore finds the claim to be "wholly insubstantial" and that it lacks jurisdiction.

## CONCLUSION

For the reasons discussed above, the Court DISMISSES the action for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The action is dismissed without prejudice. Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999) ("Dismissals for lack of jurisdiction should be . . . without prejudice so that a plaintiff may reassert his claims in a competent court.") Here, because Hafzalla alleges a violation of federal law, the Court dismisses without prejudice so that Hafzalla may have one more opportunity to file a pleading of reasonable length that sets out a coherent claim. But the Court warns that should a Second Amended Complaint be filed that is equally long and remains essentially fictitious it will be dismissed with prejudice.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 23, 2023.

Marsha J. Pechman
United States Senior District Judge